09-1213-cr
United States v. Jeffers

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of December, two thousand ten.

PRESENT:  JOSEPH M. McLAUGHLIN,
     REENA RAGGI,
     GERARD E. LYNCH,
       *Circuit Judges*.

-----------------------------------------------------------------------------------

UNITED STATES OF AMERICA,

        *Appellee*,


     v.                  No. 09-1213-cr

PRUDENCE CARMEN JEFFERS, a.k.a.
PRUDENCE J. HICKS,

        *Defendant-Appellant*.

-----------------------------------------------------------------------------------

FOR APPELLANT:  Gary Villanueva, Esq., New York, New York.

FOR APPELLEE:   Evan M. Norris, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York

(Allyne R. Ross, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment entered on February, 27, 2009, is AFFIRMED.

Defendant Prudence Carmen Jeffers was convicted, following a jury trial, of eight counts of social security fraud, see 42 U.S.C. § 408(a)(7)(B), and one count of student loan fraud, see 20 U.S.C. § 1097(a).[1] Jeffers challenges the district court's preclusion of defense cross-examination of Anthony Hicks, her ex-boyfriend and a cooperating witness, regarding alleged domestic violence. We review a judge's evidentiary decisions for abuse of discretion. See United States v. Whitten, 610 F.3d 168, 182-83 (2d Cir. 2010); United States v. Thompson, 528 F.3d 110, 120 (2d Cir. 2008). In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Jeffers does not dispute the district court's discretion to impose reasonable limits on cross-examination based on, inter alia, unfair prejudice, needless delay, or marginal relevance. See Fed. R. Evid. 403; Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); United States v. Figueroa, 548 F.3d 222, 227 (2d Cir. 2008). Nevertheless, Jeffers maintains that the district court abused this discretion and violated her Sixth Amendment confrontation right because the precluded cross-examination on domestic abuse (1) undermined Hicks's

---

[1] The district judge vacated Jeffers's convictions of three counts of aggravated identity theft, see 18 U.S.C. § 1028A(a)(1), prior to sentencing.

2

credibility and (2) rebutted the portrayal of Hicks as a good father unmotivated to testify falsely based on child custody concerns. We are not persuaded.

We identify no abuse of discretion in the district court's determination that the purported prior acts of violence were not probative of Hicks's credibility. See Fed. R. Evid. 608(b); United States v. Flaharty, 295 F.3d 182, 191 (2d Cir. 2002) (noting prior involvement in murder not probative of truthfulness). Moreover, even if the alleged abuse was somehow relevant to Hicks's motivations for testifying, which is not clear, the district court did not abuse its discretion in concluding that any probative value was substantially outweighed by unfair prejudice and the need for a mini-trial on domestic disputes. See Fed. R. Evid. 403; United States v. Stewart, 433 F.3d 273, 313 (2d Cir. 2006) (upholding preclusion of cross-examination necessitating "mini-trial" (internal quotation marks omitted)). Indeed, the district court permitted extensive cross-examination on Hicks's child custody concerns, providing the jury with sufficient information to "make a discriminating appraisal" of this purported bias. United States v. Singh, 628 F.2d 758, 763 (2d Cir. 1980).

In any event, any potential error was harmless considering the wide-ranging cross-examination of Hicks and the circumstantial evidence corroborating Hicks's direct testimony regarding Jeffers's intent, including her fraudulent applications and repeated lies about her citizenship and birthplace. See Delaware v. Van Arsdall, 475 U.S. at 684; United States v. Figueroa, 548 F.3d at 231-32.

3

We have considered Jeffers's other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the amended judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court